UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PERALTA, | No. C 06-7230 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

## INTRODUCTION

Juan Peralta, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Peralta reports in his petition that he was convicted in the Los Angeles County Superior Court of second degree murder and was sentenced to 17 years to life in prison in an unidentified year. His petition does not challenge his conviction but instead challenges a decision by the Board of Prison Terms ("BPT") at a hearing on an unidentified date (presumably the most recent hearing earlier than January 20, 2006) finding him not suitable for parole.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Peralta alleges that the BPT's decision was not supported by sufficient and reliable evidence. Liberally construed, the allegations state cognizable claims for due process violations. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Morales v. California Dep't of Corrections, 16 F.3d 1001, 1005 (9th Cir. 1994), rev'd on other grounds, 514 U.S. 499 (1995) (due process requires that "some evidence" must support the parole authority's decision); Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003).

Peralta also appears to claim that requiring him to participate in a 12-step program to be found parole-suitable violates the Establishment Clause of the First Amendment because 12-step programs are religious in nature. See Petition, p. 8. Liberally construed, these allegations also state a cognizable claim. See Kerr v. Farrey, 95 F.3d 472, 476-80 (7th Cir. 1996) (requiring inmate to attend Narcotics Anonymous meetings or be rated a higher security risk and have parole eligibility adversely affected violated Establishment Clause); Warner v. Orange County Dep't of Probation, 870 F. Supp. 69, 72-73 (S.D.N.Y. 1994); but cf. O'Connor v. California, 855 F. Supp. 303, 307-08 (C.D. Cal. 1994) (upholding policy of requiring persons convicted of drunk driving to attend self-help program where AA was primary program offered but non-spiritual alternative program called Rational Recovery was also offered).

**CONCLUSION**

For the foregoing reasons,

1. The petition presents cognizable habeas claims and warrants a response from respondent.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **May 25, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 29, 2007**.

5. Petitioner's in forma pauperis application is DENIED because he has ample funds to pay the $5.00 filing fee. (Docket # 3.) Petitioner must pay the $5.00 filing fee no later than **April 27, 2007** or this action will be dismissed.

IT IS SO ORDERED.

DATED: March 23, 2007

SUSAN ILLSTON
United States District Judge